LYMAN M. MORTON *vs.* CHARLES RICHARDS & another.

A promise by a new partnership to an outgoing partner, to pay the debts of the old firm, creates no debt which he, upon their taking the benefit of the insolvent laws, and his being therefore obliged to pay one of those debts, can prove against their estate, under the *St.* of 1838, *c.* 163, § 3.

APPEAL from a decree of the judge of insolvency for the county of Hampshire, disallowing a claim of Morton against the estate of Johnson & Daniels, insolvent debtors. The case was this:

On the 4th of September 1857 Johnson and Morton, who had previously been in partnership together, sharing equally, agreed orally with Johnson that Morton should sell out his interest in the firm to Daniels, and that the new firm of Johnson & Daniels should take all the property and pay all the debts of the old firm of Johnson & Morton, and indemnify Morton against all his liabilities as a member of that firm; and Morton accordingly transferred all his interest, and withdrew from the firm.

In January 1858 Johnson & Daniels became insolvent, and

applied, as a partnership and as individuals, for the benefit of the insolvent laws. Among the debts of the old firm, which they had not then paid, was one to Emmons, Danforth & Scudder of $675, which still remained an open account against Johnson & Morton, and was presented at the first meeting of the creditors of Johnson & Daniels for proof against the partnership estate of the latter, but was allowed against the separate estate of Johnson only, and was afterwards, upon notice to Morton that Emmons, Danforth & Scudder looked to him for payment, paid by him, and the proof withdrawn.

Morton then offered to prove against the estate of Johnson & Daniels for the amount so paid, but the judge of insolvency rejected the claim, and Morton appealed to this court, before whom this case was argued at Northampton at September term 1858.

*S. T. Spaulding*, for the appellant. The debt offered for proof arose under a contract made by Johnson & Daniels with the plaintiff. Being a promise to pay a debt from the promisee to a third person, it was not within the statute of frauds. *Preble* v. *Baldwin*, 6 Cush. 549. *Pike* v. *Brown*, 7 Cush. 136. *Alger* v. *Scoville*, 1 Gray, 391. *Eastwood* v. *Kenyon*, 11 Ad. & El. 438.

It was a specific debt of a certain amount, contracted and immediately payable by them. It was therefore a demand in existence, the cause of action upon which depended upon no contingency, and was provable against their estate. *St.* 1838, c. 163, §§ 3, 7. *French* v. *Morse*, 2 Gray, 111. *Loring* v. *Kendall*, 1 Gray, 314, 315, 317. *Johnson* v. *Ames*, 11 Pick. 182. *Brooks* v. *Moody*, 20 Pick. 474. *Bennett* v. *Bartlett*, 6 Cush. 225. *Prescott* v. *Trueman*, 4 Mass. 627. *Kelton* v. *Phillips*, 3 Met. 61. *Barker* v. *Mann*, 4 Met. 302. *Savory* v. *Stocking*, 4 Cush. 607. *Mann* v. *Houghton*, 7 Cush. 592. *Sleeper* v. *Miller*, 7 Cush. 594, *note*. Sedgwick on Damages, (2d ed.) 308–311, and cases there cited. 1 Saund. 116, *note* 1. *Holmes* v. *Rhodes*, 1 Bos. & Pul. 638, *& notes*. *Hodgson* v. *Bell*, 7 T. R. 97. *Port* v. *Jackson*, 17 Johns. 239, 479. *Thomas* v. *Allen*, 1 Hill, (N. Y.) 145. *Toussaint* v. *Martinnant*, 2 T. R. 100. *Martin*

v. *Court,* 2 T. R. 640. *Mann* v. *Eckford,* 15 Wend. 502. *In re Negus,* 7 Wend. 499. *Lethbridge* v. *Mytton,* 2 B. & Ad. 772. *Loosemore* v. *Radford,* 9 M. & W. 657. *Parker* v. *Norton,* 6 T. R. 695.

Johnson & Daniels, as between themselves and Morton, were principal debtors; and this claim is therefore within the letter and intent of the *St.* of 1838, *c.* 163, § 3, allowing the proof of any sum paid " by any surety of the debtor on any contract whatever," although paid after the first publication of notice. *Arnold* v. *Lyman,* 17 Mass. 400. *Carnegie* v. *Morrison,* 2 Met. 381 *Mellen* v. *Whipple,* 1 Gray, 317.

*C. Delano,* for the assignees.

METCALF, J. The third section of the insolvent act, (*St.* 1838, *c.* 163,) describes the debts which may be proved and allowed against an insolvent debtor's estate, and declares that no debt other than those thus described shall be proved or allowed. Is the appellant's claim such a debt of Johnson & Daniels as is described in that section? The court are of opinion that it is not, and therefore that the judge of insolvency rightly refused to allow it. The first two kinds of debts described in that section are debts of the insolvent debtor, due and payable at the time of the first publication of notice that a warrant has issued against his estate, and debts then absolutely due, although not payable till afterwards. But the agreement of Johnson & Daniels to pay to Emmons, Danforth & Scudder the debt due to them from Johnson & Morton, and to indemnify Morton against his liability to pay it, did not create a debt from them to him of either of these two kinds. A promise to pay the promisee's debt, and to indemnify him against it, does not create a " debt due " to him from the promisor, in any legal sense of those words. It creates a contract for the performance of a future act, or future acts, by the promisor, and entitles the promisee to an action against him for a breach of that contract.

There is only one other kind of debt described in the third section of the insolvent act, to which the appellant has referred in support of his claim; namely, " the payment of any sum by

any surety of the debtor in any contract whatsoever," although such payment shall be made after the first publication of notice that a warrant has issued against the debtor's estate. But the appellant was not a surety for the debt due to Emmons, Danforth & Scudder. He was a principal debtor, and in paying it he paid his own debt. A surety is he who becomes answerable, by contract with another, for the payment to him of a third person's debt, or for the performance of a third person's other undertaking or duty. In this case, Johnson & Daniels did nothing which rendered them answerable to Emmons, Danforth & Scudder, for the payment of Johnson & Morton's debt to them; *Dow* v. *Clark*, 7 Gray, 198; and if they had, that would not have made Morton their surety. See *Mayer* v. *Meakin*, Gow, 183.

· Perhaps a claim like this, and sundry other claims, might well nave been made provable under the insolvent act of 1838. The court, however, cannot extend that act to any cases for which it has not in terms provided.

*Decree of the judge of insolvency affirmed.*